

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# Jones v. Jersey City

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Jones v. Jersey City" (2002). *2002 Decisions.* Paper 506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1009


KIMBERLY JONES,
                    Appellant

                 v.

CITY OF JERSEY CITY; MICHAEL MORIARITY, Individually
          and in his capacity as Director of the Jersey City Police Department;
     WILLIAM J. THYNNE, Individually and in his capacity as Chief of the
          Jersey City Police Department; KENNETH FRENCH, JR., Individually and
     in his capacity as an Officer of the Jersey City Police Department; CHRIS
     ROBATEAU, Individually and in his capacity as an Officer of the Jersey City
     Police Department; THOMAS MCVICAR, Individually and in his capacity as
          an Officer of the Jersey City Police Department; GEORGE NISBET,
     Individually and in his capacity as an Officer of the Jersey City Police
     Department; JOHN DOES 1-10


     Appeal from the United States District Court
          for the District of New Jersey
       (D.C. Civil Action No. 99-cv-02206)
     District Judge: Honorable Nicholas H. Politan


     Submitted Under Third Circuit LAR 34.1(a)
                 August 2, 2002

     Before: ROTH, RENDELL and AMBRO, Circuit Judges

          (Opinion filed  August 15, 2002)




                 OPINION


AMBRO, Circuit Judge

     Kimberly Jones brought this  1983 suit against several Jersey City police officers
for false arrest, malicious prosecution, and excessive force, in violation of the Fourth
Amendment.  Jones was arrested on May 14, 1997, when she tried to prevent the
defendant officers from arresting her boyfriend on drug charges.  The defendants allege
that she ran at the officers screaming "Get off my boyfriend!," leapt onto Officer
Robateau's back, refused to be handcuffed, and later attempted to crush with her foot a
red-capped vial that her boyfriend dropped on the ground.  Jones' version is that she
approached two men who were choking her boyfriend, inquired "what's going on?," and
was told to shut up by one of the officers and pushed to the ground.  The parties agree
that eventually the officers arrested Jones, and that she suffered "a little bruise."
     Jones was charged with resisting arrest, aggravated assault on a police officer, and

tampering with evidence, but all charges were eventually dismissed.  She then brought the current suit.  We affirm the District Court's grant of summary judgment in favor of each officer.

### Discussion

We review the grant of summary judgment de novo and view the facts in the light most favorable to the non-moving party.  Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000).  Under the doctrine of qualified immunity, an officer is only subject to suit if his or her conduct amounts to a constitutional violation on the facts alleged, and if the right claimed to have been violated is "clearly established."  Saucier v. Katz, 533 U.S. 194, 202 (2001).  A right is clearly established if it would be "clear to a reasonable officer that the conduct was unlawful in the situation he confronted."  Id.  Based on that standard, the District Court properly granted summary judgment in the officers' favor.

### 1.    The false arrest and malicious prosecution claims

Giving Jones the full benefit of the doubt, she admits that she interfered in some sense with officers arresting a suspected drug dealer.  It would not be clear to a reasonable officer that arresting Jones for this conduct violates the Constitution.  Jones insists that her actions did not justify her arrest because New Jersey law on interference requires a physical act or other independently illegal conduct.  However, her argument is beside the point because qualified immunity permits officers to make reasonable mistakes about what is lawful.  See Saucier, 533 U.S. at 206.  It is not at all unreasonable for an officer to assume that interference might include spoken words.  Moreover, Jones' malicious prosecution claim which also turns on the supposed absence of probable cause fails for the same reasons.

Jones contends that summary judgment is unavailable where a jury might find the officers had no probable cause for the arrest or prosecution.  Her argument ignores the possibility of qualified immunity.  The Supreme Court has said unmistakably that whether a right is "clearly established" is a legal question distinct from the merits, id. at 202, and that it is properly resolved "at the earliest possible stage in litigation," Hunter v. Bryant, 502 U.S. 224, 228 (1991) (per curiam).

### 2.    The excessive force claim

Jones' excessive force claim also cannot survive the officers' qualified immunity.  At worst, she was shoved by an officer after she tried to meddle in an ongoing drug arrest.  It is axiomatic that "[n]ot every push or shove, even if it may later seem unnecessary," violates the Constitution.  Graham v. Connor, 490 U.S. 386, 396 (1989).  While some pushes and shoves would violate the Constitution in the right circumstances, it is far from clear that this is one such case.  That Jones walked away with only a "little bruise" suggests that she was not pushed with great force.  An officer cannot reasonably anticipate that he will violate the Fourth Amendment every time he uses light force to push away bystanders attempting to interfere with an arrest.  Indeed, it is hard to see what alternative options the officer has.  Must he try to reason with the interferer while the suspect runs away?  Must he carry on with the arrest as if the interferer were not there?  A little push is not a clearly unreasonable response in such circumstances.

* * * * *

For the foregoing reasons, we affirm the grant of summary judgment in favor of each of the officers.


By the Court,


/s/ Thomas L. Ambro
Circuit Judg